IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL OGIDI-GBEGBAJE', | |
| Plaintiff, | |
| v. | 1: 10-cv-3680-WSD |
| CBRE, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Michael Ogidi-Gbegbaje's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis [1]. The Court grants Plaintiff's motion to proceed *in forma pauperis* for the purpose of dismissal only.

Section 1915(e)(2) of Title 28 requires a court to dismiss an *in forma pauperis* case if the court determines that an action is frivolous or malicious or fails to state a claim on which relief may be granted. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); accord Neitzke v. Williams, 490 U.S. 319, 325 (1989) (stating that a claim is

frivolous "where it lacks an arguable basis either in law or in fact"). In view of Plaintiff's *pro se* status, the Court construes Plaintiff's complaint liberally in making its frivolity analysis.

The Complaint in this action is substantially the same as the complaint Plaintiff filed in Michael Ogidi-Gbegbaje' v. Regus, Civil Action No. 1:10-cv-3642 (N.D. Ga. Nov. 8, 2010) (the "3642 Action"). The Court dismissed the Complaint in the 3642 Action as frivolous. The Court finds that Plaintiff's Complaint in this action is also frivolous. The Complaint states, as it did in the 3642 Action, that that this Court's jurisdiction is "invoked pursuant to Title 18 u.s.c. [sic] Section 241,"[1] and that Defendant CBRE committed an "invasion of privacy: intrusion of solitude and seclusion." Plaintiff this time adds to the Complaint that his "solitude and seclusion" was apparently intruded upon by Defendant "peeping through my office window, and by physical intrusion into my office." Plaintiff, however, does not provide any context or additional factual support for this claim and certainly did not allege any facts to support some alleged conspiracy against him, assuming such a conspiracy could be alleged under 18 U.S.C. § 241. Williams v. Michigan, 2006 WL 3759974, at * 4 (E.D. Mich. Dec. 19, 2006) ("Plaintiffs cannot maintain an action against [the defendants] under 18 U.S.C. 241 & 242, since the statute

---

[1] This is a criminal statute entitled "Conspiracy against rights."

does not provide a basis for civil liability."). Even construed liberally, Plaintiff's Complaint fails to satisfy the core, basic pleading requirements of the Rules of Federal Civil Procedure. The Complaint here is "clearly baseless [and the] legal theories are indisputably meritless," and the Court concludes again that Plaintiff's action is frivolous and required to be dismissed.

**I.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis [1] is **GRANTED** for the purpose of dismissal only.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 15th day of November, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE